**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2447-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT WHITE, JR., a/k/a
ROBERT WHITE, and
ROBERT L. WHITE, JR.,

    Defendant-Appellant.

_____

Submitted April 21, 2026 – Decided July 6, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 22-05-0393.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Linda Estremera, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert White, Jr. appeals the March 28, 2025 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant claims his plea counsel rendered constitutionally defective advice with respect to defendant's decision to plead guilty to second-degree robbery pursuant to a negotiated plea agreement. The PCR court held that defendant's ineffective assistance claim was procedurally barred by Rule 3:22-4(a). The PCR court further held that defendant failed to set forth a prima facie case of ineffective assistance. We affirm substantially for the reasons set forth by the PCR court.

I.

We presume the parties are familiar with the pertinent facts and procedural history, which we need only briefly summarize. On April 2, 2022, defendant confronted the victim walking on the street and demanded money from him. When the victim tried to walk away, defendant followed and punched the victim twice on the side of his head, causing him to fall to the ground. Defendant went through the victim's pockets and took his wallet and keys. The wallet was later found in bushes on the side of the road. The victim's keys were found on

defendant's person when he was arrested.    The attack was captured on surveillance video.

Defendant was charged by Accusation No. 22-05-393 with second-degree robbery, N.J.S.A. 2C:15-1, after defendant and the State reached a pre-indictment plea agreement.  Pursuant to the agreement, defendant agreed to plead guilty in exchange for the State's recommendation of a seven-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  The State also agreed to recommend that defendant's sentence run concurrently with any sentence imposed on a pending charge he had in another county.

Defendant's counsel stated at the plea hearing that she and defendant had discussed Recovery Court and that defendant would be applying for admission. The plea agreement, however, was not conditioned on defendant being admitted to Recovery Court, and the plea form made no mention of that sentencing option. Defendant provided a factual basis for the robbery conviction and told the court that he was satisfied with plea counsel's performance.

After pleading guilty, defendant applied for admission to Recovery Court. The State objected because of defendant's prior conviction for aggravated assault, which precludes special probation pursuant to N.J.S.A. 2C:35-14(a)(7). Furthermore, the Substance Abuse Evaluator performed a diagnostic assessment

A-2447-24

and determined that defendant was not eligible for Recovery Court because he was not drug dependent. Defendant was thus both legally and clinically ineligible for special probation. On June 9, 2022, the Recovery Court judge entered an order and a statement of reasons denying defendant's application for admission, citing both reasons for defendant's disqualification.

Following the denial of his application for admission to Recovery Court, defendant filed a pre-sentence motion to withdraw his guilty plea. Defendant was now represented by a different attorney than the one who represented him at the plea hearing. Defendant's new counsel acknowledged that the plea agreement was not conditioned on defendant's admission to Recovery Court, although defendant had subjectively expected to be admitted. The State countered that the plea agreement was favorable to defendant considering that he was extended-term eligible based on his criminal record. The State further argued that there was no colorable claim of innocence, and that the State's evidence against defendant was strong.

On October 20, 2022, the trial court denied defendant's motion to withdraw the guilty plea, applying the Slater[1] factors. The court proceeded to sentence defendant in accordance with the plea agreement. On June 5, 2023, we

---

[1] State v. Slater, 198 N.J. 145 (2009).

heard defendant's direct appeal on the sentencing oral argument calendar and affirmed the sentence and the denial of defendant's motion to vacate the guilty plea.

In March 2024, defendant filed the present petition for PCR. Defendant claimed in his self-represented application that plea counsel had assured him that if he pleaded guilty, he would be able to withdraw the guilty plea if he was not admitted to Recovery Court. Defendant laid blame on plea counsel, who he argued should have known that he would not be accepted into Recovery Court. Defendant further asserted that if plea counsel had not told him that he could withdraw his guilty plea if he was not accepted into Recovery Court, he would not have pled guilty.

Assigned PCR counsel reiterated defendant's claims in a PCR brief. PCR counsel also argued that defendant should be allowed to withdraw his guilty plea under Slater. Contrary to the position the defense took in 2022 at the motion hearing, PCR counsel argued defendant was innocent of the robbery.

The PCR court—the same court that heard the motion to withdraw the guilty plea and sentenced defendant—issued an oral opinion on March 28, 2025. The court outlined the procedural history of the case and characterized defendant's PCR claim as a belated attack on allegedly erroneous advice from

plea counsel that if he pled guilty to second degree robbery and his application to Recovery Court was thereafter denied, he could withdraw the guilty plea. The PCR court held that because defendant never raised this claim when he moved to withdraw his guilty plea in 2022, he was barred from raising it on PCR under Rule 3:22-4(a). The court noted that at the motion hearing in 2022, defendant was represented by a different attorney, so that defendant was "ideally positioned" to raise as a basis for withdrawal of the guilty plea that he had received erroneous advice from plea counsel.

The PCR court also found that the plea agreement was not conditioned on admission to Recovery Court, and defendant had told the plea hearing court under oath that he was satisfied with his counsel's representation. The PCR court further found that enforcement of the procedural bar would not result in a fundamental injustice or a violation of the constitution. The PCR court thereupon denied the petition without an evidentiary hearing.

This appeal followed. Defendant raises the following contention for our consideration:

> DEFENSE COUNSEL GAVE DEFENDANT INCORRECT INFORMATION ABOUT DRUG COURT LEADING HIM TO BELIEVE THAT A CERTAIN OUTCOME WAS POSSIBLE WHEN, IN FACT, IT WAS NOT. AN EVIDENTIARY HEARING IS NECESSARY TO ASCERTAIN WHAT

6

COUNSEL INTENDED BECAUSE OTHERWISE THERE IS NO OTHER CONCLUSION THAN THAT THIS WAS INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF DEFENDANT'S RIGHT TO COUNSEL

II.

A.

We begin our analysis by acknowledging the legal principles governing this appeal. Appellate review "of a PCR court's factual findings is 'necessarily deferential.'" State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). However, appellate courts review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415-16 (2004). When the PCR court does not hold an evidentiary hearing, review of both the factual inferences drawn from the record and any legal conclusions is de novo. State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). See also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014); State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). When applying such de novo review, appellate courts "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014).

A defendant alleging ineffective assistance of counsel must satisfy both prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 668

(1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Second, the defendant must show that counsel's "deficient performance prejudiced the defense." Ibid.

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Counsel's performance is held to a standard of "reasonableness under prevailing professional norms"; thus, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. See also State v. Marshall, 148 N.J. 89, 156-57 (1997).

The second Strickland prong requires defendant to demonstrate that counsel's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Said differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694.

A defendant's right to effective assistance of counsel extends to the plea negotiation process. See Missouri v. Frye, 566 U.S. 134, 140 (2012) (explaining that the right to effective assistance of counsel applies at the entry of a guilty

A-2447-24

plea). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168 (2012). In a challenge to a conviction arising from a guilty plea, the defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## B.

Short of obtaining a new trial, a defendant may demonstrate that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b), which governs when an evidentiary hearing should be granted, provides:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

9

With respect to the first of these three requirements, "[a] prima facie case is established when a defendant demonstrates 'a reasonable likelihood that [their] claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting Cummings, 321 N.J. Super. at 170). "[V]ague, conclusory, or speculative" allegations are insufficient to warrant an evidentiary hearing. Ibid. (quoting Marshall, 148 N.J. at 158). "Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c).

## C.

"Post-conviction relief is neither a substitute for direct appeal . . . nor an opportunity to relitigate cases already decided on the merits." Preciose, 129 N.J. at 459. "Consequently, petitioners may be procedurally barred from post-conviction relief under Rule 3:22-4 if they could have, but did not, raise the claim in a prior proceeding." Ibid.

Rule 3:22-4(a)(l) provides:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds . . . that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding.

As the rule indicates, this procedural bar may be relaxed if the ground for relief not previously asserted "could not reasonably have been raised in any prior proceeding." The test under this exception is objective; it must be shown that a reasonable attorney, aware of the pertinent facts and law, could not reasonably have raised the ineffective assistance claim in a prior proceeding. See State v. Mitchell, 126 N.J. 565, 584-85 (1992). The rule expressly provides in this regard that defendant must show that the factual predicate for a newly minted claim could not have been discovered earlier through the exercise of reasonable diligence. See R. 3 :22-4(a).

## III.

We next apply the foregoing legal principles to the present situation. We agree with the PCR court that the procedural bar set forth in Rule 3:22-4(a) applies. As the PCR court aptly found, all the information necessary to raise a claim of ineffective assistance of counsel was available to defendant when he

11

moved to withdraw his guilty plea before sentencing in 2022. His motion was prompted by the denial of his application to Recovery Court in June 2022. His allegations against counsel are based on that application and his assertion that counsel should have advised him that he was legally ineligible for special probation and thus ineligible for Recovery Court based on a second-degree robbery conviction.

We note that in State v. Hooper, we explained that there is no rule that ineffective-assistance-of-counsel claims must await PCR and cannot be raised on direct appeal. 459 N.J. Super. 157, 174 (App. Div. 2019). In Hooper, the defendant moved after sentencing to withdraw his guilty plea, argued that his attorney had been ineffective, and supplied the trial court with affidavits to support his claim. Id. at 163 165-67. The trial court declined to address the ineffective-assistance-of-counsel claim on the grounds it was premature and had to await the filing of a PCR application. Id. at 173. The trial court then proceeded to deny the motion to withdraw the guilty plea, applying the Slater factors. Id. at 173-74.

We reversed and remanded, ruling that the defendant could have raised his ineffective-assistance-of-counsel claim in his motion to withdraw his guilty

12

plea because the ground for the claim was known to defendant at sentencing and he provided the trial court with a supporting affidavit.  Id. at 175.

Here too, defendant's ineffective assistance claim could and should have been raised at the time he filed a motion to withdraw his guilty plea, and on direct appeal, since the ground for that claim—counsel's faulty advice with respect to Recovery Court eligibility—was known at the time defendant moved to withdraw his plea and he was, by that point, represented by different counsel who was free to challenge the advice given by his predecessor.

Nor has defendant established a basis upon which to excuse the procedural bar.  Enforcement of the bar can be relaxed if it would result in a "fundamental injustice."  R. 3:22-4(a)(2).[2]  Our Supreme Court has made clear that "our Rules of Court governing post-conviction relief petitions and proceedings do not render our courts 'powerless to correct a fundamental injustice.'"  State v. Hannah, 248 N.J. 148, 178 (2021) (quoting Nash, 212 N.J. at 547).  The concept of fundamental injustice addresses whether the proceedings were fair and whether the State or the court abused the process by which the defendant was

---

[2]  The procedural bar can also be relaxed if the denial of relief would be contrary to a new rule of constitutional law under either the federal or state constitution. R. 3:22-4(a)(3).  That ground is inapplicable in this case.

convicted. Mitchell, 126 N.J. at 587. The defendant shoulders the burden to show that the denial of PCR would result in an injustice. Ibid.

Here, enforcement of the procedural bar would in no way result in a fundamental injustice. Defendant was represented by an experienced attorney who negotiated a favorable plea deal that allowed defendant to avoid an extended term of imprisonment. The record confirms that the terms of the plea agreement were explained to defendant during the plea colloquy, and that he told the court he was satisfied with plea counsel's performance and that his guilty plea was voluntary. Defendant thereafter exercised his right to move to withdraw his guilty plea before sentencing, and to challenge the denial of his motion on direct appeal. The fact that his claims were rejected does not mean the process was fundamentally unfair, and we are satisfied that there was no serious infringement of his constitutional rights as to warrant our intervention with respect to enforcement of the procedural bar. See id. at 585-86.

But even if we were to disregard the procedural bar, defendant's petition fails substantively because he has not established a prima facie case of plea counsel's ineffectiveness under the Strickland/Fritz test. Even accepting for the sake of argument the truth of defendant's allegation that his counsel gave him faulty advice about Recovery Court and his ability to withdraw his guilty plea

if he were not admitted, defendant cannot satisfy the prejudice prong of the Strickland/Fritz test, which requires defendant to show that, but for counsel's error, he would not have pled guilty and would instead have insisted upon a jury trial. We are entirely unpersuaded that if counsel had advised him that he was legally ineligible for Recovery Court by virtue of his criminal record, defendant would have rejected the favorable plea deal counsel negotiated. As we have noted, the evidence against defendant was overwhelming. Surveillance video captured the offense, the victim positively identified defendant shortly after the robbery, and the victim's keys were found on defendant's person when he was arrested. Further, he was subject to extended-term sentencing as a persistent offender if convicted at trial.

In sum, defendant has not established a prima facie case of plea counsel's ineffectiveness that would entitle him to an evidentiary hearing, much less to vacate his guilty-plea conviction and sentence. To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-2447-24